Duncan

v.

Duncan

July 26, 1984

Case No. (Chancery) CH-1445

By JUDGE HENRY L. LAM

My approach to the issue of the validity of the contract, dated August 4, 1982, was to first inquire as to whether it was reasonable and fair. If found reasonable and fair, then the issue of duress raised by the husband becomes moot, or stated otherwise, how can one be heard to complain about a fair contract?

This contract should be judged and considered in the light in which most marital separation agreements are reached. Normally, they are entered into at a time when a marriage is disintegrating and emotions are strained, so generally separation agreements share a common ingredient of having been conceived under stress. Even conceding the normalcy of such stress, in this instance the terms and conditions are not only unusual, but appear punitive and shocking.

Paragraph numbered (9) provides that the husband will support the wife not only during a period of divorce, but is extended to include the time period of any subsequent remarriage of the wife. Though a person may so contract, certainly no obligation of support exists in law, or would be favored by the history of marriage practiced in this Commonwealth.

Although the issue of spousal support is the issue of primary concern to the husband, I draw your attention to an additional paragraph, numbered (12), which provides for the husband to thereafter pay the wife's automobile

insurance for so long as she lives and upon as many automobiles as she might own. Again, although legally permissible, such is highly unusual. It is not a provision normally found in separation agreements, and is so open-ended one cannot reasonably estimate the ultimate cost to the husband.

Also, a matter to be considered is the shortness of this marriage. I am not privileged to know from the evidence, but judging from the reasonable inferences arising therefrom, I conclude that these were mature adults entering into other than their first marriage. So, this marriage, lasting but shortly more than four years, amounts to little more than an experiment that failed. Ordinarily such brevity would not entitle a spouse to great consideration in matters of support.

My conclusion is that no person exercising a free will would have entered into this contract. The facts show that there were massive pressures acting against the husband. Concluding that the husband was not exercising a free will, I find that he signed under duress; and thus decide that said contract is null and void.